J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
**ALVERSON TAYLOR & SANDERS**
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

**ALVERSON TAYLOR & SANDERS**
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

UNITED STATES DISTRICT COURT
DISTRICT OF NEVADA

| | |
|---|---|
| LORI FORMICA; JOSHUA FORMICA and TYLER AKERS,<br><br>Plaintiffs,<br><br>v.<br><br>RAMON DE LEON CARTER; MIHIR TRANSPORTATION, INC.; DOES 1-10; and ROE CORPORATIONS 11-20, inclusive,<br><br>Defendants. | CASE NO: |

**DEFENDANT MIHIR TRANSPORTATION, INC.'S NOTICE OF REMOVAL**

TO: DEBRA KEMPI, Clerk, United States District Court for the District of Nevada

PLEASE TAKE NOTICE that Defendant MIHIR TRANSPORTATION, INC. hereby removes to this Court the state court action entitled "LORI FORMICA; JOSHUA FORMICA and TYLER AKERS, Plaintiff v. RAMON DE LEON CARTER; MIHIR TRANSPORTATION, INC., Defendants," Case No. A-19-806817-C filed in the Eighth Judicial District Court for the State of Nevada, County of Clark. A copy of the Complaint is attached hereto as Exhibit A. The grounds for removal are:

1. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 and 28 U.S.C. §§ 1441(a)-(c), in that it is a civil action between Plaintiffs, citizens of Nevada, Defendants who are citizens of diverse residency, neither of which reside in Nevada, and the matter in controversy exceeds $75,000.00, exclusive of interest and costs, as set forth below.

2. Based upon information and belief, Plaintiffs LORI FORMICA; JOSHUA FORMICA and TYLER AKERS are all citizens of Clark County, Nevada, as indicated in the Complaint. *See* Complaint ¶ 1-3.

3. Defendant RAMON DE LEON CARTER is a resident of the State of California, as indicated in the Complaint. *See* Complaint ¶ 4.

4. Defendant MIHIR TRANSPORTATION, INC. is a corporation incorporated in California, with its principal place of business in California.

5. The Defendants sued as DOES I through X, inclusive and ROE CORPORATIONS I through X, inclusive, are fictitious parties and not relevant to the determination of subject matter jurisdiction. *See* 28 U.S.C. § 1441(a) (stating "For purposes of removal under this chapter, the citizenship of defendants sued under fictitious names shall be disregarded").

6. Upon information and belief, the amount in controversy, exclusive of interest and costs, exceeds $75,000.00. All three Plaintiffs were transported from the scene of the subject motor vehicle collision via ambulance to William Bee Ririe Hospital in Ely, Nevada. Officer Nelson Bleak of the Nevada Highway Patrol reported that Plaintiffs LORI FORMICA and TILER AKERS' injuries rated "A" in severity and Plaintiff JOSHUA FORMICA allegedly sustained injuries rated "B." As set forth in their Complaint, Plaintiffs allege that they were "seriously injured and caused to suffer intense physical and mental pain, shock, and agony, some

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

of which may be permanent and disabling in nature." Complaint ¶ 15. Further, Plaintiffs alleged loss of income, loss of future earning capacity, loss of household services, pain and suffering damages, and hedonic damages. Complaint ¶ 17.

7. Venue is appropriate in this Court pursuant to 28 U.S.C. §§ 1441(a) and 1446(a)-(b) and Local Rule 8-1. This action was originally brought in the Eighth Judicial District for Clark County, State of Nevada.

8. This notice of removal is timely filed within thirty (30) days after receipt of the paper that makes this case removable as required by 28 U.S.C. § 1446(b), in that it is filed within thirty (30) days following the service of the Summons and Complaint. Defendant MIHIR TRANSPORTATION, INC. was served with the Complaint on January 22, 2020. Upon information and belief, Defendant RAMON DE LEON CARTER has not been served with the Summons and Complaint.

12. Pursuant to 28 U.S.C. 1446(d), Defendant has prepared and will file with the Clerk of the Eighth Judicial District Court a Notice of Removed Action.

Dated this 31st day of January, 2020.

ALVERSON TAYLOR & SANDERS

/s/ Karie N. Wilson

J. BRUCE ALVERSON, ESQ.
Nevada Bar No. 1339
KARIE N. WILSON, ESQ.
Nevada Bar No. 7957
6605 Grand Montecito Pkwy, Ste. 200
Las Vegas, NV 89149
702-384-7000 Phone
702-385-7000 Fax
Attorneys for Defendants

ALVERSON TAYLOR & SANDERS
LAWYERS
6605 GRAND MONTECITO PKWY STE 200
LAS VEGAS, NV 89149
(702) 384-7000

**CERTIFICATE OF ELECTRONIC SERVICE**

I certify that on the 31st day of January, 2020, service of the above and foregoing **DEFENDANT MIHIR TRANSPORTATION, INC.'S NOTICE OF REMOVAL** was made by electronically filing a true and correct copy of the same to each party addressed as follows:

Brian K. Harris, Esq.
brian@harrislawyers.com
Christian N. Griffin, Esq.
cgriffin@harrislawyers.net
HARRIS & HARRIS
1645 Village Center Circle, Ste. 60
Las Vegas, NV 89134
702-880-4529 Phone
702-880-4528 Fax
Attorneys for Plaintiffs



______________________________
Employee of ALVERSON TAYLOR & SANDERS

n:\bruce.grp\z-client\26524\pleadings\notice removal.docx

# EXHIBIT A

Electronically Filed
12/12/2019 10:42 AM
Steven D. Grierson
CLERK OF THE COURT

**COMP**
**BRIAN K. HARRIS, ESQ.**
Nevada Bar No. 7737
**CHRISTIAN N. GRIFFIN, ESQ.**
Nevada Bar No. 10601
**HARRIS & HARRIS**
1645 Village Center Circle, Suite 60
Las Vegas, Nevada 89134-6371
Brian@harrislawyers.com
702.880.4529 - Telephone
702.880.4528 - Facsimile
*Attorneys for Plaintiffs*

CASE NO: A-19-806817-C
Department 23

**DISTRICT COURT**

**CLARK COUNTY, NEVADA**

LORI FORMICA; JOSHUA FORMICA TYLER AKERS

Plaintiff,

vs.

RAMON DE LEON CARTER; MIHIR TRANSPORTATION, INC.; DOES 1-10; ROE CORPORATIONS 11-20, inclusive,

Defendants.

Case No.
Dept. No.

**COMPLAINT**

Plaintiffs alleges as follows:

**I.**
**PARTIES AND JURISDICTION**

1. That at all times relevant hereto, Plaintiff **LORI FORMICA** was, and is, a resident of Clark County, State of Nevada.

2. That at all times relevant hereto, Plaintiff **JOSHUA FORMICA** was, and is, a resident of Clark County, State of Nevada.

3. That at all times relevant hereto, Plaintiff **TYLER AKERS** was, and is, a resident of Clark County, State of Nevada.

. . . .

HARRIS & HARRIS
INJURY LAWYERS

4. That at all times relevant hereto, Defendant **RAMON DE LEON CARTER** was a resident of San Bernardino County, State of California.

5. That at all times relevant hereto, Defendant **MIHIR TRANSPORTATION, INC.** was and is, a Foreign Corporation doing business in State of Nevada.

6. That the identities of Defendants, DOES 1-10 and ROE CORPORATIONS 11-20, are unknown at this time and may be individuals, partnerships or corporations. Plaintiffs alleges that each of the Defendants designated herein as DOE or ROE CORPORATION is responsible in some manner for the damages herein alleged. Plaintiffs request leave of the Court to amend this Complaint to name the Defendants specifically when their identities become known.

7. That all the facts and circumstances that give rise to the subject lawsuit occurred in the State of Nevada.

**II.**

**GENERAL FACTUAL ALLEGATIONS**

8. That on or about August 27, 2019, Plaintiffs were southbound on Nevada State Route 318 near mile marker 7 in Lincoln County, Nevada. Defendant **RAMON DE LEON CARTER,** who was in the course and scope of his employment with Defendant **MIHIR TRANSPORTATION, INC.** was northbound on Nevada State Route 318 at the same location.

9. The accident occurred when Defendant **RAMON DE LEON CARTER** attempted to pass a vehicle and traveled northbound in the southbound travel and failed to keep a proper lookout and use care by forcing Plaintiffs' vehicle off the roadway which resulted in serious injuries to the Plaintiffs.

. . . .

. . . .

. . . .

. . . .

HARRIS & HARRIS INJURY LAWYERS

HARRIS & HARRIS
INJURY LAWYERS

## II.

## FIRST CAUSE OF ACTION
***(Negligence as to Defendant RAMON DE LEON CARTER)***

10. Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1 through 9 above as if fully set forth herein.

11. At said time and place, Defendant **RAMON DE LEON CARTER** owed a duty to operate his vehicle in a safe, reasonable and prudent manner.

12. At said time and place, Defendant **RAMON DE LEON CARTER** owed a duty to operate his vehicle in a safe manner, including to the Plaintiffs.

13. In complete disregard of his duty, Defendant **RAMON DE LEON CARTER** drove his vehicle in an extremely reckless, negligent and careless manner.

14. Defendant **RAMON DE LEON CARTER** operated his vehicle, in such a manner as to cause serious and permanent injuries to the Plaintiffs.

15. As a direct and proximate result of the negligence of Defendant **RAMON DE LEON CARTER**, Plaintiffs were seriously injured and caused to suffer intense physical and mental pain, shock, and agony, some of which may be permanent and disabling in nature, aggravating to their general and compensatory damages in an amount in excess of **TWENTY FIVE THOUSAND DOLLARS ($25,000.00)**.

16. As a further direct and proximate result of the negligence of Defendant **RAMON DE LEON CARTER**, Plaintiffs have incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiffs may be required in the future to incur expenses for medical care and treatment.

17. As a further direct and proximate result of the negligence of Defendant **RAMON DE LEON CARTER**, Plaintiffs sustained a loss of income, loss of future earning capacity, and loss of household services.

. . . .

18. Plaintiffs have been required to retain the services of **HARRIS & HARRIS** to prosecute this action and are entitled to reasonable attorney's fees and costs incurred herein.

**IV.**

**SECOND CAUSE OF ACTION**
***(Respondent Superior as to Defendant MIHIR TRANSPORTATION, INC.)***

19. Plaintiffs repeat, reallege, and incorporate by reference Paragraphs 1 through 18 above as if fully set forth herein.

20. On information and belief, Plaintiffs allege that on August 27, 2019, Defendant **RAMON DE LEON CARTER** was an employee/authorized agent of Defendant **MIHIR TRANSPORTATION, INC.** and was acting within the course and scope of his employment or authorization.

21. On information and belief, Plaintiffs allege that at all relevant times herein, Defendant, **MIHIR TRANSPORTATION, INC.**, was liable for the negligent acts of its agents/employee, Defendant **RAMON DE LEON CARTER** under the doctrine of vicarious liability/ respondent superior.

22. As a direct and proximate cause of the negligence of Defendant **MIHIR TRANSPORTATION, INC.**, Plaintiffs were seriously injured and caused to suffer intense physical and mental pain, shock, and agony, some of which may be permanent and disabling in nature, aggravating to their general and compensatory damages in an amount in excess of **TWENTY FIVE THOUSAND DOLLARS ($25,000.00)**.

23. As a further direct and proximate result of the negligence of Defendant **MIHIR TRANSPORTATION, INC.**, Plaintiffs have incurred expenses for medical care, treatment and expenses incidental thereto, and Plaintiff may be required in the future to incur expenses for medical care and treatment.

. . . .

. . . .

HARRIS & HARRIS
INJURY LAWYERS

24. As a further direct and proximate result of the negligence of Defendant **MIHIR TRANSPORTATION, INC.**, Plaintiffs sustained a loss of income, loss of future earning capacity, and loss of household services.

25. Plaintiffs have been required to retain the services of **HARRIS & HARRIS** to prosecute this action and are entitled to reasonable attorney's fees and costs incurred herein.

**V.**

**PRAYER FOR RELIEF**

**WHEREFORE** Plaintiffs pray for Judgment against the Defendants as follows:

1. For general and compensatory damages in an amount in excess of **TWENTY FIVE THOUSAND DOLLARS ($25,000.00)**;

2. Damages for cost of medical care and treatment and costs incidental thereto in an amount in excess of **TWENTY FIVE THOUSAND DOLLARS ($25,000.00)**;

3. Damages for future cost of medical care and treatment and costs incidental thereto in an amount in excess of **TWENTY FIVE THOUSAND DOLLARS ($25,000.00)**;

4. Damages for lost earnings and loss of future earning capacity in an amount in excess of **TWENTY FIVE THOUSAND DOLLARS ($25,000.00)**;

5. Damages for past and future household services in excess of **TWENTY FIVE THOUSAND DOLLARS ($25,000.00)**;

6. Damages for Plaintiff's emotional distress, including, but not limited to pain and suffering and hedonic damages in an amount in excess of **TWENTY FIVE THOUSAND DOLLARS ($25,000.00)**;

7. For reasonable attorney fees, costs of suit and interest incurred herein; and

. . . .

. . . .

. . . .

. . . .



HARRIS & HARRIS INJURY LAWYERS

HARRIS & HARRIS INJURY LAWYERS

8. For such other and further relief as the Court deems just and proper.

DATED this 12 day of December, 2019.

**HARRIS & HARRIS**

By:______________________________

**BRIAN K. HARRIS, ESQ.**
Nevada Bar No. 7737
**CHRISTIAN N. GRIFFIN, ESQ.**
Nevada Bar No. 10601
1645 Village Center Circle, Suite 60
Las Vegas, Nevada 89134-6371
702.880.4529 - Telephone
702.880.4528 - Facsimile
*Attorneys for Plaintiffs*